USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/3/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D.L.G., an infant by her mother and natural guardian MAYERLYN GOMEZ, AND MAYERLYN GOMEZ, individually,

                    Plaintiffs,

          v.

UNITED STATES

                    Defendant.

No. 12-CV-7526 (RA)

ORDER ADOPTING REPORT & RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

       On October 9, 2012, Plaintiff Mayerlyn Gomez, through her attorneys filed this action on her own behalf and on behalf of D.L.G., an infant under the age of eighteen years. Gomez filed an Amended Verified Complaint on February 25, 2013. Compl. 13. The Complaint raises claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671–80, alleging negligent medical care and failure to obtain informed consent. Dkt. 13 ¶¶ 12–28. On January 7, 2015, after the parties notified the Court that they had agreed to resolve Plaintiff's claims for a certain amount, Plaintiffs filed a proposed infant compromise, which the Court referred to Magistrate Judge Ronald L. Ellis. Dkt. 59. On June 1, 2015, Judge Ellis issued a Report and Recommendation ("Report"), recommending that the proposed infant compromise be accepted. The Court has received no objections to the Report, and for the reasons that follow, adopts the Report in its entirety.

       When reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are made, "a district court need only satisfy itself that

there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10-CV-5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also* Fed. R. Civ. P. 72(b).

In reviewing a proposed settlement involving claims by or on behalf of an infant plaintiff, the Court evaluates the proposed settlement to determine whether "(1) the best interests of the infant are protected by the terms and conditions of the proposed settlement; and (2) the proposed settlement, including any legal fees and expenses to be paid as part of the proposal are fair and reasonable." *Mateo v. United States.*, No. 06-CV-2647 (KNF), 2008 WL 3166974, at *2 (S.D.N.Y. Aug. 6, 2008) (citing S.D.N.Y. Loc. Civ. R. 83.2(a)(1), N.Y. Jud. L. § 474, and N.Y. Civ. Prac. L. and R. §§ 1205–08).

In his Report, Judge Ellis reasonably concluded that (1) the proposed settlement is in the best interest of the infant plaintiff, D.L.G., and (2) the proposed settlement is fair and reasonable because (a) it was reached after arm's length negotiations and discovery, (b) Plaintiffs' attorney is experienced and found the settlement reasonable, and (c) the award is comparable to a likely litigation award. Report at 5–8. Judge Ellis also reasonably denied Plaintiff Gomez's request to withdraw $10,000 from the settlement funds to purchase a vehicle. *Id.* at 9. The purpose of an infant plaintiff's settlement funds "is not to supplement or substitute for the financial obligations of the parent to a child," and the Court will permit only expenditure for "an extraordinary purpose." *See Star S. v. Clark*, No. 01-CV-6871(DLI)(CLP), 2009 WL 81340 (E.D.N.Y. Jan. 9, 2009). Here, Plaintiff D.L.G.'s condition does not require routine doctor's appointments, medication, or other treatment. Att'y Affirm. at 10;. The Court agrees that the purchase of a car does not constitute an "extraordinary purpose" in these circumstances. *See Star S.*, 2009 WL 81340, at *1.

The Court also finds the request of $25,000 in attorney's fees and an additional $26,612.13 for disbursements to be reasonable. Although the Report considered the award of attorney's fees under New York Judiciary Law § 474 limit on attorney contingency fees, which caps fees at thirty percent of the first $250,000 retained in medical malpractice cases, the applicable standard in this case is the twenty-five percent limit on attorney's fees owed by plaintiffs in FTCA actions against the United States. Report at 9; see 28 U.S.C. § 2678. Because the proposed attorney's fees do not exceed twenty-five percent of the total settlement, the requested fee falls within the range of acceptable compensation.

After reviewing the proposed infant's compromise order, the affirmation from the infant's representative accepting the proposed compromise, the affirmation from the infant's counsel outlining and accepting the terms of the settlement, and the submitted medical reports, the Court finds no clear error in the Report. The Report is therefore adopted in its entirety.

The Clerk of the Court is respectfully directed to close item 57 on the docket and to close the case.

SO ORDERED.

Dated:   November 2, 2015
         New York, New York

Ronnie Abrams
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   ECF Case 12 Civ. 7526 (RA)
D.L.G., an Infant by her mother and natural guardian
MAYERLYN GOMEZ, and MAYERLYN GOMEZ,
Individually,

                                                           **INFANT'S**
                     Plaintiffs,           **COMPROMISE**
                                                          **ORDER**

      -against-

THE UNITED STATES OF AMERICA,

                   Defendant.
-----------------------------------------------------------------X

       Upon reading and filing the declaration of MAYERLYN GOMEZ, mother and natural guardian of the infant plaintiff D.L.G.; the affirmation of James P. Fitzgerald, Esq.; the report of Joel Redfield, Ph.D.; the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (the "Stipulation"); and upon all papers filed and proceedings had herein; and it appearing that D.L.G. was born on        ; and the said case being settled on November 26, 2014 after the April 1, 2011 effective date of the New York Medical Indemnity Fund ("The Fund"); and the Court having concluded that the aforementioned infant has sustained a "birth related neurological injury" as a result of alleged medical malpractice and is a "qualified plaintiff" as defined under §§ 2999-(h)(1) and 2999-(h)(4) of the Public Health Law; and it appearing to the satisfaction of the Court that it is in the best interest of the infant plaintiff, D.L.G., to settle and compromise the cause of action herein against defendant THE UNITED STATES OF AMERICA for the total settlement pursuant to Public Health Law § 2999 of $101,000.00 ($100,000.00 of which is for past and future pain and suffering, future loss of wages and past medical expenses and any other non-Fund costs, and

1

$1,000.00 of which is for future "Medicals and Qualifying Heath Care Costs" as defined by Public Health Law §2999-h(3) to be paid pursuant to Public Health Law §2999(g)-(j);

NOW, on motion of Fitzgerald & Fitzgerald, P.C., attorneys for the plaintiff, it is hereby

ORDERED, that MAYERLYN GOMEZ, as mother and natural guardian of D.L.G., be and she is hereby authorized to enter into a compromise of the personal injury claims of D.L.G. against defendant THE UNITED STATES OF AMERICA upon the within terms; and it is further

ORDERED, that the cause of action brought on behalf of D.L.G. against defendant THE UNITED STATES OF AMERICA be and the same is hereby settled for the total sum pursuant to Public Health Law § 2999 of $101,000.00 upon the terms of the Stipulation; and it is further

ORDERED, that per agreement of the parties and approval by this Court, the $101,000.00 settlement is allocated so that $100,000.00 is allocated to the claims for the infant plaintiff's damages other than future Qualifying Health Care Costs, including approved attorney's fee and disbursements and all liens; and $1,000 is allocated to the infant plaintiff's claims for future Qualifying Health Care Costs; and it is further

ORDERED, that as soon as practical, plaintiffs shall submit an application on behalf of the infant plaintiff for enrollment in the Fund as established by Title 4 of the Public Health Law ("The Fund"); and it is further

ORDERED, that as set forth in Public Health Law § 2999-j(6)(a), in the event the administrator of the Fund determines that the infant plaintiff is a qualified plaintiff as that term is defined in Title 4 of the Public Health Law, § 2999-h(4), all plaintiff's future Qualifying Health Care Costs shall be paid in accordance with Title 4 of the Public Health Law, and it is further

2

ORDERED, that subsequent to approval of this Infant Compromise Order and the execution of the Stipulation, the $100,000.00 settlement payment made by defendant THE UNITED STATES OF AMERICA shall be distributed as follows:

a) The sum of $25,000.00 to The Fitzgerald Law Firm, P.C., and as for its attorney's fees for services rendered on behalf of D.L.G. in this matter;

b) The sum of $26,612.13 to The Fitzgerald Law Firm, P.C. as and for its disbursements; and

c) The sum of $48,387.87 to MAYERLYN GOMEZ, as mother and natural guardian of D.L.G., jointly with an officer of Apple Bank for Savings, located at 43-73 Kissena Blvd. Flushing, NY 11355 to be deposited in a time deposit or certificate of deposit account as provided hereinafter, for the sole use and benefit of the infant plaintiff MAYERLYN GOMEZ;

and it is further

ORDERED, that the funds to be deposited in the bank account on behalf of D.L.G. shall be deposited in the above bank in the name of MAYERLYN GOMEZ, as mother and natural guardian of D.L.G., and held for the infant's sole use and benefit in an account paying the highest rate of interest available subject to the further order of this Court until the infant reaches the age of eighteen years; and it is further

ORDERED, that the aforesaid time deposit or certificate of deposit account shall be continuously renewed upon maturity at the highest rate of interest then available, except that the date of maturity shall not extend beyond the infant's eighteenth birthday, and in the event that no such time deposit or certificate of deposit account is available, the accumulated funds shall then

3

be placed in the banks' insured money market account; and it is further

ORDERED, that said bank shall pay out of the infant's account such sums as may from time to time become due and payable for Federal and New York State income tax, or any other state or local income tax for which the infant is or may become liable, limited to taxes due from income earned by the infant's account, including penalties or interest thereon, and any amounts that may be required for payments of estimated income taxes to the United States or to the State of New York in such amounts as may be certified to the bank by a qualified tax preparer retained or employed on behalf of the infant by the infant's mother and natural guardian, MAYERLYN GOMEZ, or such amounts as may be due and payable for that portion of the infant's personal income tax liability attributable to income earned by her account, including interest and penalties thereon, as shown on any official bill therefore issued by the United States or the State of New York or other income tax authority; and it is further

ORDERED, that said bank be and is hereby authorized without further order of this Court to pay out of the infant's bank account, reasonable fees for the preparation of any income tax, estimated income tax returns or accountings that may be required to be filed by or on the infant's behalf regarding the tax due for the income earned from the infant's account; and it is further

ORDERED, that said bank issue a check from D.L.G.'s account in the amount of $10,000.00 to MAYERLYN GOMEZ for the purchase of a vehicle for D.L.G.'s benefit; and it is further

ORDERED, that there shall be no right of withdrawal from the aforesaid bank account, including any insured money market account, until the infant's eighteenth birthday, except upon further order of this Court, which shall be certified by the Clerk of the Court; and it is further

4

ORDERED, that said bank shall upon D.L.G.'s demand thereof and without further Court Order, pay over to D.L.G. when she reaches the age of eighteen on ⸻ all monies held for her benefit in her account upon presentation of proper proof thereof to said bank; and it is further

ORDERED, that in the event that the infant shall die before reaching the age of eighteen, the balance of the monies held in her account shall be paid to her estate; and it is further

ORDERED, that the plaintiff shall hold defendant THE UNITED STATES OF AMERICA and/or its insurer(s) harmless from any and all liens; and it is further

ORDERED, that conditioned upon compliance with the terms of this Order, MAYERLYN GOMEZ is hereby authorized and empowered to execute and deliver a General Release in favor of defendant THE UNITED STATES OF AMERICA, the Stipulation, and any other instrument necessary to effect said settlement; and it is further

ORDERED, that the filing of a bond is hereby waived.

ENTER

_____
U.S.D.J.
11/2/15

5